UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| BRANDON LEE RAMIREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV620-080 |
| | ) | CV620-110 |
| | ) | |
| WARDEN BOBITT, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Before the Court are two cases filed by plaintiff stemming from substantially similar incidents. Plaintiff who is proceeding *pro se* and *in forma pauperis*, has been honest about the fact that he has filed multiple cases. Case No. CV620-110, doc. 1. He asserts that the reason for his multiple filings is that he "[n]ever got any response." *Id.* at 2.

Having reviewed the complaints in both cases, the Court notes that while not exactly identical, they are substantially similar and include many of the same allegations stemming from the same incident at the prison. *Id.* at 5 (detailing an assault occurring on April 24, 2020); Case No. CV620-080, doc. 1 at 5 (same). The factual overlap warrants consolidation. *See* Fed. R. Civ. P. 42(a) ("If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the

actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."); *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 765-66 (11th Cir. 1995) ("The proper solution to problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a)."); *HCC Insurance Holdings, Inc. v. Flowers*, 2016 WL 1192681 at * 2 (N.D. Ga. Mar 21, 2016) (consolidating two cases that arose "out of the [same] circumstances"). Considering the substantial similarity as well as plaintiff's apparent desire to elicit a response from the Court, it is **RECOMMENDED** that these cases should be consolidated and plaintiff's later-filed complaint (CV620-110) be filed as a supplement in his earlier-filed case (CV620-080).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 2nd day of December, 2020.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA